UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY LEVI SMITH,

    Petitioner,

v.                                               Case Nos. 2:06-cr-3 and 2:08-cv-231
                                               HON. R. ALLAN EDGAR

UNITED STATES OF AMERICA,

    Respondent.

_____ /

**MEMORANDUM**

Federal prisoner Timothy Levi Smith ("Smith") has made a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 containing four claims or grounds for relief. The second, third, and fourth claims in the original motion are vague, conclusory, and indecipherable.

After conducting an initial review of the original motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court denied and dismissed Smith's first claim. The Court ordered Smith to file an amended § 2255 motion to clarify and provide a more definite statement of his remaining claims and allegations. On November 25, 2008, Smith filed an amended § 2255 motion concerning his second, third, and fourth claims.

After doing an initial review of the amended § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court concludes that the motion as amended is

without merit and it will be dismissed. It is not necessary for the United States government to answer Smith's amended § 2255 motion. For the reasons expressed in this memorandum opinion, the amended § 2255 motion will be summarily **DENIED**. The record conclusively shows that Smith is not entitled to post-conviction relief under 28 U.S.C. § 2255. There is no need for an evidentiary hearing.

**I.      Standard of Review**

A federal prisoner may make a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his judgment of conviction or sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. To warrant relief under § 2255 based on an alleged constitutional error, Smith bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

To warrant relief under § 2255 based on an alleged non-constitutional error, Smith bears the burden of establishing that there was a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Watson*, 165 F.3d at 488; *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

A § 2255 motion is not a substitute for a direct appeal, and it cannot do service for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Frady,* 456 U.S. 152, 167-68

(1982); *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996); *United States v. Walsh*, 733 F.2d 31, 35 (6th Cir. 1984).

Smith cannot utilize a § 2255 motion to relitigate the same issues that were presented and decided in his direct appeal to the Sixth Circuit Court of Appeals. Issues which are presented and decided on direct appeal may not be relitigated in a § 2255 proceeding absent exceptional circumstances, e.g. actual innocence or an intervening retroactive change in the law. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *DuPont v. United States,* 76 F.3d 108, 110-11 (6th Cir. 1996).

Generally, an evidentiary hearing is required unless the record conclusively shows that there are no issues of material fact in dispute and the petitioner is not entitled to relief as a matter of law. Stated another way, an evidentiary hearing is not required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or mere conclusions rather than a statement of specific facts. *Valentine v. United States*, 488 F.3d 325, (6th Cir. 2007); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

**II.     Facts and Procedural History**

The Court finds that Smith has not met this burden of showing that he is entitled to relief under 28 U.S.C. § 2255. Smith has not established an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. Moreover, Smith has not established that there was a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation

3

of his right to due process of law.

On January 24, 2006, the federal grand jury returned an indictment charging Smith with one count of abusive sexual contact involving a female victim who was less than twelve (12) years old in violation of 18 U.S.C. §§ 2244(a)(1) and,(c), 2246(3), 1151, and 1153.  The indictment alleged that Smith used his hand to intentionally touch through the clothing the genitalia, inner thigh, and buttocks of the female victim with the intent to arouse or gratify Smith's sexual desires.

Smith gave a written confession to the Michigan State Police admitting that he touched the female victim in her genital area and that he was at least partially sexually aroused.  Smith pleaded not guilty to the indictment and the case went to a jury trial.  The jury returned a guilty verdict.

At trial, the female victim testified that Smith touched her in the genital area of her body through her clothing on several occasions at Smith's residence before the victim had attained the age of twelve (12) years.  Smith testified at trial.  Smith gave false, perjured testimony.  Smith falsely denied that he ever knowingly engaged in sexual contact with the victim.  He also falsely testified that Michigan State Police Officer John Halpin forced Smith to write and sign a false statement or confession, in part, by Halpin slamming a pen and paper in front of Smith and telling Smith what to write down.  Smith's trial testimony was directly contradicted by government witnesses including the female victim, Officer Halpin, Kim Pepin of the Hannahville Indian Community Police Department, and Carrie Van Evera from Hannahville Indian Community social services.

This Court entered a judgment of conviction and sentenced Smith to be imprisoned for a term of 41 months to be followed by three years of supervised release.  In sentencing Smith, this Court made a two-level upward adjustment or enhancement of the guideline offense level under U.S.S.G. § 3C1.1 for obstruction of justice.  The Court determined that Smith gave false, perjured testimony

at trial. When imposing sentence, the Court cited numerous specific examples of Smith's false testimony and made findings that the false testimony constituted perjury which warranted the two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice.

Smith took a direct appeal to the Sixth Circuit Court of Appeals. On September 24, 2007, the Sixth Circuit affirmed the judgment of conviction and sentence, and dismissed the appeal. The Sixth Circuit determined that the evidence presented at trial supported the jury's verdict of guilty, and there was no basis upon which to challenge Smith's sentence. The Sixth Circuit affirmed the two-level enhancement of Smith's guideline offense level under U.S.S.G. § 3C1.1.

With these facts and procedural history in mind, the Court turns to the task of analyzing Smith's second, third, and fourth claims set forth in his amended § 2255 motion.

### III.    Second Claim: Ineffective Assistance of Counsel

The second claim raised by Smith is that he was deprived of his right to the effective assistance of counsel secured under the Sixth Amendment to the United States Constitution. Smith alleges that his counsel was ineffective for failing or neglecting to have a physician testify concerning Smith's sleep apnea and poor breathing during sleep. Smith contends that such testimony by a physician could have helped to prove why he was tired all the time.

Smith does not bother to explain how or why this caused him actual prejudice and would have made a difference in the outcome of his trial or sentencing. The Court concludes that this ineffective assistance of counsel claim will be denied for the following reasons.

####    A.    Standard of Review:  Ineffective Counsel Claims and *Strickland* Test

The Sixth Amendment provides that in all criminal prosecutions, the accused shall have to right to assistance of counsel for his defense. Ineffective assistance of counsel that violates the Sixth

Amendment occurs when an attorney's deficient performance causes actual prejudice to the criminal defendant. *Lockhart v. Fretwell*, 506 U.S. 356, 369 (1993); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Sowell v. Bradshaw*, 372 F.3d 821, 836 (6th Cir. 2004); *Skaggs v. Parker*, 235 F.3d 261, 266-67 (6th Cir. 2000); *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997); *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996).

*Strickland* established a two-part test for deciding Sixth Amendment claims of ineffective assistance of counsel. First, Smith must establish that his attorney's performance was deficient. Second, Smith is required to demonstrate that his counsel's deficient performance caused actual prejudice to his defense by depriving Smith of a fair trial or fair sentencing hearing. *Strickland*, 466 U.S. at 687; *Sowell*, 372 F.3d at 836-37; *Griffin*, 330 F.3d at 736; *Smith v. Mitchell,* 348 F.3d 177, 199 (6th Cir. 2003); *Mason v. Mitchell,* 320 F.3d 604, 616 (6th Cir. 2003); *Wickline v. Mitchell,* 319 F.3d 813, 819 (6th Cir. 2003); *Skaggs*, 235 F.3d at 267.

The first prong of the *Strickland* test requires Smith to show that his attorney's representation was deficient, i.e. fell below an objective standard of reasonableness. Smith must show that his counsel made such serious errors that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687-88; *Sowell*, 372 F.3d at 836; *Wickline,* 319 F.3d at 819; *Carter v. Bell*, 218 F.3d 581, 591 (6th Cir. 2000); *Gravely v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996); *Green v. United States*, 65 F.3d 546, 551 (6th Cir. 1995).

The Court's scrutiny of the reasonableness of defense counsel's performance is highly deferential. Smith's trial counsel is strongly presumed to have rendered adequate legal assistance and to have made all decisions in the exercise of reasonable professional judgment and sound trial strategy. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *Strickland*, 466 U.S. at 689-90 (strong

6

presumption that counsel's conduct falls within a wide range of reasonable professional assistance); *Sowell*, 372 F.3d at 837; *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Mason,* 320 F.3d at 616-17; *Wickline,* 319 F.3d at 819; *Skaggs*, 235 F.3d at 268; *Austin*, 126 F.3d at 848; *West*, 73 F.3d at 84; *O'Hara v. Wigginton*, 24 F.3d 823, 838 (6th Cir. 1994).

Strategic choices made by an attorney after thorough investigation of the relevant facts and law are virtually unchallengeable. Strategic choices made by counsel after less than complete investigation are reasonable precisely to the extent that reasonable professional judgment supports the limitation or restriction placed on the investigation. Defense counsel has a duty to make a reasonable investigation under the circumstances or to make a reasonable decision that a particular investigation is unnecessary. *Strickland*, 466 U.S. at 690-91; *Skaggs*, 235 F.3d at 268.

The second prong of the *Strickland* test requires Smith to show that his attorney's deficient performance caused actual prejudice to his case. *O'Hara*, 24 F.3d at 828; *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993). The prejudice component focuses on the question whether counsel's deficient performance renders the result of the trial or the sentencing hearing either unreliable or fundamentally unfair. *Lockhart*, 506 U.S. at 372; *Skaggs*, 235 F.3d at 270. The Court must determine whether the performance of Smith's counsel was so manifestly deficient and ineffective that defeat was snatched from the hands of probable victory. *West*, 73 F.3d at 84; *Lewis*, 11 F.3d at 1352; *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc).

To satisfy the prejudice element, Smith must show there is a reasonable probability that, but for the errors and deficient performance of his attorney, the result of his trial or sentencing hearing would have been different and more favorable to Smith. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the criminal proceeding. *Strickland*, 466 U.S.

at 693-94; *Humphress*, 398 F.3d at 859; *Campbell*, 364 F.3d at 730; *Griffin*, 330 F.3d at 736; *Mason,* 320 F.3d at 617; *Wickline,* 319 F.3d at 819; *Skaggs*, 235 F.3d at 270-71; *Carter*, 218 F.3d at 591; *Arredondo*, 178 F.3d at 782; *Austin*, 126 F.3d at 848; *West*, 73 F.3d at 84. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

### B. Analysis

The Court finds that Smith has not met his burden of demonstrating either prong of the *Strickland* test. Smith has not made out a *prima facie* claim of ineffective assistance of counsel under the Sixth Amendment. Smith has not established that his counsel's performance was deficient under the circumstances and fell below an objective standard of reasonableness. Smith also fails to make a threshold showing that his counsel's performance caused Smith to suffer actual prejudice either at trial or at the sentencing phase of his case.

Even if we assume for the sake of discussion that counsel could have called a physician to testify that Smith suffers from sleep apnea which makes him "tired all the time," the Court is not persuaded that this would not have made any difference in the outcome of the trial and sentencing. Smith cannot satisfy the prejudice element of the *Strickland* test because he cannot show there is a reasonable probability that, but for the alleged error and deficient performance of his attorney, the result of his trial and sentencing would have been different and more favorable to Smith.

Smith does not identify by name a particular physician who would have been available to testify on his behalf. Smith merely contends that his counsel was ineffective for not making arrangements for a physician to be a witness. The Court concludes that Smith is not entitled to an

8

evidentiary hearing on this issue because he fails to meet his burden of making a reasonable threshold showing that he has a viable claim of ineffective assistance based on a theory of an "uncalled" witness.

Claims of ineffective assistance of counsel predicated upon bare allegations of uncalled witnesses are not favored in 28 U.S.C. § 2255 proceedings. Mere unsupported, unsubstantiated allegations about what testimony a potential witness might have given at trial are far too speculative to justify awarding extraordinary post-conviction relief. Any allegations about possible testimony that might have been offered by a witness who was not called at trial are viewed with great caution. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002); *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001); *United States v. Luciano*, 158 F.3d 655, 660 (2nd Cir. 1998); *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986); *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983); *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978); *Talley v. United States*, 2006 WL 3422997, * 9 (E.D. Tenn. Nov. 27, 2006); *Lopez v. United States*, 2006 WL 2404048, * 24 (N.D. Ohio Aug. 18, 2006).

To present a viable ineffective assistance of counsel claim under 28 U.S.C. § 2255 based upon an alleged failure of defense counsel to call a witness to testify, Smith at the very least is required to make an affirmative showing as to four essential factors: (1) the identity/name of the uncalled witness; (2) the availability of the witness to testify; (3) the specific details and substance of what the witness would have testified to at trial; and (4) there is a reasonable probability or likelihood that the testimony of the uncalled witness would have produced a different, more favorable result for Smith. *Talley*, 2006 WL 3422997, at * 9; *Lopez*, 2006 WL 2404048, at * 24; *Koetjo v. Stovall*, 2006 WL 2365132, * 6 (E.D. Mich. Aug. 15, 2006); *Malcom v. Burt*, 276 F.

9

Supp.2d 664, 679 (E.D. Mich. 2003); *Dell v. Straub*, 194 F. Supp.2d 629, 650 (E.D. Mich. 2002); *United States ex rel. Jones v. Chrans*, 187 F. Supp.2d 993, 1009 (N.D. Ill.), *aff'd*, 49 Fed. Appx. 623 (7th Cir. 2002). Smith has failed to demonstrate any of these four factors.

The decision whether to call a witness to testify at trial is a matter of strategy that falls squarely within defense counsel's domain. The Court's scrutiny of defense counsel's performance is highly deferential. Smith's counsel is strongly presumed to have rendered adequate legal assistance, and to have made all decisions in the exercise of reasonable professional judgment and sound trial strategy. *Nix*, 475 U.S. at 165; *Strickland*, 466 U.S. at 689-90; *Skaggs*, 235 F.3d at 268. Smith has not come forward with any facts and probative proof – an affidavit from a licensed physician who was available to testify at trial as a witness on Smith's behalf -- to rebut this presumption. *Talley*, 2006 WL 3422997, at * 10.

### IV.  Third Claim: Written Confession

The third claim raised by Smith in his amended § 2255 motion is that Officer Halpin and Kim Pepin used a polygraph examination and "manipulation" to get Smith to write out and sign a confession. Smith states:

> Used Polygraph and Manipulation, Because Officer Halprin (sic) and Lieutenant Kim Pepin used in my case, to get me to write down what they wanted me to write down, there (sic) face expression, I did write down what they wanted me to write, because I believed them, that Kayla Stram [female victim] was telling the truth, but she was not telling the truth. I was in my bed first all the time and I did not touch her 3 times, she even said in her statements in the transcript that I only touched her (Kayla) one time and that was it.

In this third claim, Smith wants to rehash the issue whether there was sufficient evidence presented at trial to prove beyond a reasonable doubt that he is guilty. This he cannot do in a § 2255

proceeding. Any claim by Smith concerning the sufficiency of the evidence at trial should have been timely raised by Smith and resolved on direct appeal to the Sixth Circuit. A § 2255 motion is not a substitute for a direct appeal, and it cannot do service for an appeal. *Bousley*, 523 U.S. at 621; *Frady,* 456 U.S. at 167-68; *Timmreck*, 441 U.S. at 784; *Regalado*, 334 F.3d at 528; *Grant*, 72 F.3d at 506; *Walsh*, 733 F.2d at 35. As discussed *supra*, Smith took a direct appeal and the Sixth Circuit Court of Appeals determined the evidence presented at trial supported the jury's verdict of guilty

Moreover, all of the relevant issues concerning the facts and circumstances surrounding Smith's written confession were brought out and adequately explored at the trial. The jury returned a guilty verdict. Smith cannot use a § 2255 motion merely to relitigate the issue of sufficiency of the evidence at trial.

This Court is very familiar with the facts and proof presented at trial. The facts and the credible evidence do not support Smith's claim that Officer Halpin and Kim Pepin improperly manipulated Smith into writing out a confession. The credible evidence at trial established that Smith executed a knowing, voluntary confession. In his § 2255 motion, Smith has not come forward with any new probative facts that create a genuine factual dispute and warrant this Court to engage in post-conviction review on this particular matter.

Smith is not entitled to post-conviction relief on his third claim under § 2255 because he has not met his burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. Smith cannot show that Officer Halpin and Kim Pepin violated any rights guaranteed to Smith under the United States Constitution or other federal laws.

**V.     Fourth Claim: Sentencing Enhancement**

The fourth and final claim raised by Smith in his amended § 2255 motion concerns the two-level enhancement of his guideline offense level under U.S.S.G. § 3C1.1 for obstruction of justice. Smith contends that his testimony at trial was the truth. Smith denies giving false, perjured testimony at trial. In other words, Smith argues that this Court erred when it made findings during the sentencing phase that Smith falsely testified at trial and a two-level enhancement of his guideline offense level was appropriate under U.S.S.G. § 3C1.1 for obstruction of justice.

The Court concludes that the fourth claim will be dismissed for the following reasons. Fisrt, the Court is not persuaded that it committed any error when it made specific findings during the sentencing phase that Smith falsely testified at trial and a two-level enhancement of his guideline offense level was appropriate under U.S.S.G. § 3C1.1 for obstruction of justice. This Court's decision was entirely correct and there was no error.

Second, Smith took a direct appeal from his judgment of conviction and sentence. On direct appeal, the Sixth Circuit determined there is no valid basis upon which to challenge Smith's sentence. The Sixth Circuit explicitly affirmed the two-level enhancement of Smith's guideline offense level under U.S.S.G. § 3C1.1 for obstruction of justice.

Smith cannot utilize a § 2255 motion to relitigate this same sentencing enhancement issue that was decided in his direct appeal to the Sixth Circuit Court of Appeals. Issues which are presented and decided on direct appeal may not be relitigated in a § 2255 proceeding absent exceptional circumstances, e.g. actual innocence or an intervening retroactive change in the law. *Wright*, 182 F.3d at 467; *Jones*, 178 F.3d at 796; *Oliver*, 90 F.3d at 180; *DuPont*, 76 F.3d at 110-11. Smith has not presented a viable claim of actual innocence, and he does not argue that there has been an intervening retroactive change in the law that applies to his case. Consequently, his fourth claim

must be dismissed

Smith asserts that on page 11 of the sentencing hearing transcript, the undersigned District Judge said that a "three-level enhancement for obstruction of justice" is appropriate when determining Smith's applicable sentencing guidelines. This incorrect statement by the Court about a "three-level enhancement" was merely an inadvertent mistake and it had no adverse impact whatsoever on the correct calculation of the proper sentencing guidelines in Smith's case. What the Court should have said, and intended to say, was that a two-level enhancement of the guideline offense level was appropriate under U.S.S.G. § 3C1.1 for obstruction of justice. Smith is not entitled to post-conviction relief under 28 U.S.C. § 2255 because the Court's incorrect oral statement about a "three-level enhancement for obstruction of justice" did not result in Smith receiving an erroneous and more severe sentence of imprisonment. There was no three-level enhancement. In Smith's case, the sentencing guidelines were correctly calculated based on a two-level enhancement of the guideline offense level under U.S.S.G. § 3C1.1.

## VI.     Conclusion

Accordingly, the amended motion by federal prisoner Timothy Levi Smith for post-conviction relief pursuant to 28 U.S.C. § 2255 will be **DENIED and DISMISSED WITH PREJUDICE**. A separate order will enter.

SO ORDERED

DATED: January 16, 2009.

                                             */s/ R. Allan Edgar*
                                             R. ALLAN EDGAR
                                   UNITED STATES DISTRICT JUDGE